IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DIXON VENTURES, INC.**                                                                              **PLAINTIFF**

v.                                      Case No. **4:20-cv-01518 KGB**

**DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES,** *et al.*                                                                         **DEFENDANTS**

## ORDER

Before the Court is plaintiff Dixon Ventures, Inc.'s motion for a temporary restraining order and a preliminary injunction seeking emergency injunctive relief against defendant Centers for Disease Control and Prevention's eviction moratorium[1] ("CDC Order") (Dkt. No. 6). Dixon Ventures filed its initial complaint on December 30, 2020 (Dkt. No. 1). Dixon Ventures filed its motion for a temporary restraining order and a preliminary injunction on March 30, 2021 (Dkt. No. 6). Defendants Department of Health and Human Services and Centers for Disease Control and Prevention (jointly "defendants") have opposed Dixon Ventures' motion, and Dixon Ventures has replied (Dkt. Nos. 9, 12). The Court held a hearing with all parties on Dixon Ventures' motion for a temporary restraining order and a preliminary injunction *via* video on April 12, 2021. For the reasons discussed in this Order, the Court denies Dixon Ventures' motion for a temporary restraining order and a preliminary injunction.

### I.     Facts And Procedural History

"Arkansas, along with the rest of the nation and the world, is in the midst of an unprecedented health crisis occasioned by the worldwide COVID-19 pandemic." *In re Rutledge*,

---

[1] Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19, 85 Fed. Reg. 55,292 (Sept. 4, 2020); *see also* 86 Fed. Reg. 16,731 (Mar. 31, 2021) (most recent extension).

956 F.3d 1018, 1023 (8th Cir. 2020). In December 2019, the novel coronavirus later named SARS-CoV-2, was first detected in the People's Republic of China (Dkt. No. 9, at 5). The virus causes a respiratory disease known as COVID-19 (*Id.*). COVID-19 is a serious and highly contagious illness (*Id.*). To date, COVID-19 has infected more than 31 million people and killed more than 560,000 people in the United States. *See* CDC COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker (last visited Apr. 23, 2020). Tens of thousands of cases and hundreds of deaths are still being reported daily, *see id.*, and the CDC has called COVID-19 "a historic threat to public health," 86 Fed. Reg. at 16,732.

In March 2020, Congress provided a 120-day moratorium on certain eviction filings to tenants residing in certain federally financed rental properties. CARES Act, Pub. L. No. 116-136, § 4024, 134 Stat. 281 (2020). After this measure expired on July 24, 2020, 86 Fed. Reg. at 16,733, the CDC initially entered the challenged CDC Order on September 4, 2020. 85 Fed. Reg. at 55,292. The CDC Order would have expired on its own terms on December 31, 2020, but on December 27, 2020, President Trump signed into law the Consolidated Appropriations Act, 2021. Passed by Congress, the Act extended the CDC Order's expiration date to January 31, 2021. *See* Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, div. N, tit. V, § 502, 134 Stat. 1182, 2079 (2020). On January 29, 2021, the CDC extended the CDC Order through March 31, 2021. *See* 86 Fed. Reg. 8,020 (Feb. 3, 2021). On March 28, 2021, the CDC extended the CDC Order through June 30, 2021. *See* 86 Fed. Reg. 16,731.

Plaintiff Dixon Ventures is an Arkansas corporation that "owns and manages residential rental units within the State of Arkansas." (Dkt. No. 1, ¶¶ 1, 5). Dixon Ventures filed its complaint on December 30, 2020, four months after the CDC Order first went into effect and just after the CDC Order's first extension through January 31, 2021 (Dkt. No. 1). Three months later, after the

2

CDC Order's third extension through June 30, 2021, Dixon Ventures filed its first motion for a temporary restraining order and a preliminary injunction (Dkt. No. 6).  This Court set an expedited briefing schedule, and defendants responded in opposition to the motion (Dkt. No. 9).  This Court held a video hearing with Dixon Ventures and defendants on April 12, 2021.

Ms. Anika Dixon avers that she is a property manager and owner of Dixon Ventures (Dkt. No. 7-1, ¶ 3).  She represents that Dixon Ventures "owns several rental properties in the State of Arkansas, and [that Dixon Ventures] manage[s] over 300 units for landlords." (*Id.*, ¶ 4).  Ms. Dixon specifies that Dixon Ventures, when it manages properties for other landlords, receives "a percentage of the rental rate the properties bring in." (Dkt. No. 12-1, ¶ 4).  Ms. Dixon maintains that the CDC Order has stopped her and her clients from evicting tenants who are behind on their rent and further alleges that "[s]ome tenants even lie on their sworn CDC statements." (Dkt. No. 7-1, ¶ 6).  According to Ms. Dixon, Dixon Ventures has "received seven [CDC] eviction moratorium forms for properties" in its portfolio (Dkt. No. 12-1, ¶ 5).  Ms. Dixon further explains that her company, plaintiff Dixon Ventures, "would have been paid $4,380.00 in property management fees on that rental revenue." (*Id.*, ¶ 6).  Ms. Dixon also avers that Dixon Ventures has "lost four property listings due to the inability to evict non rent paying tenants" and that "[t]hose properties were budgeted to provide [Dixon Ventures] with $4,500.00 in property management fees this year," not including potential future income (Dkt. No. 12-1, ¶ 7).  Ms. Dixon states that Dixon Ventures' "losses increase with each month the CDC moratorium continues." (*Id.*, ¶ 8).

Also pending before the Court are Dixon Ventures' motion for leave to add a party plaintiff and motion for issuance of judicial notice (Dkt. No. 10, 13).  The Court has those motions under

advisement and considers the present motion for emergency injunctive relief on behalf of Dixon Ventures only.

## II. Standing

Before turning to Dixon Ventures' motion for a temporary restraining order and a preliminary injunction, the Court addresses defendants' claim that Dixon Ventures has failed "to demonstrate that it has standing to challenge the eviction moratorium." (Dkt. No. 9, at 11).

Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies." "For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2565 (2019). "To have standing, a plaintiff must 'present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" *Id.* (citing *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733 (2008)). "Injury in fact is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Oti Kaga, Inc. v. S. Dakota Hous. Dev. Auth.*, 342 F.3d 871, 878 (8th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The party invoking federal jurisdiction bears the burden of establishing standing." *Battle Sports Sci., LLC v. Shock Dr., Inc.*, 225 F. Supp. 3d 824, 830 (D. Neb. 2016) (citations omitted).

The Eighth Circuit has not explicitly addressed the level of proof necessary to establish standing with respect to a motion for a temporary restraining order but has recognized that "[a] party invoking federal jurisdiction must support each of the standing requirements with the same kind and degree of evidence at the successive stages of litigation as any other matter on which a plaintiff bears the burden of proof." *Const. Party of S. Dakota v. Nelson*, 639 F.3d 417, 420 (8th

Cir. 2011). Given that this case is in its early stages, the Court recognizes "the likelihood of an incomplete record and the fact that any findings of fact or conclusions of law made by the Court for a preliminary injunction motion are not final." *Pavek v. Simon*, 467 F. Supp. 3d 718, 738 (D. Minn. 2020).

Defendants have argued that Dixon Ventures has failed to show how it suffers an injury sufficient to establish Article III standing (Dkt. No. 9, at 12). In her declaration, Ms. Dixon states that she is a property manager and owner of plaintiff Dixon Ventures (Dkt. No. 12-1, ¶ 3). Ms. Dixon explains that Dixon Ventures has "received seven Centers for Disease Control ('CDC') eviction moratorium forms for properties in [its] portfolio" and that "[c]ollectively, those tenants owe $43,878.00 in back rent." (*Id.*, ¶ 5). Ms. Dixon further explains that her company, plaintiff Dixon Ventures, "would have been paid $4,380.00 in property management fees on that rental revenue." (*Id.*, ¶ 6). In an earlier declaration, Ms. Dixon states that "[t]he CDC moratorium has stopped [Ms. Dixon] and [her] clients from evicting tenants who are behind on their rent." (Dkt. No. 7-1, ¶ 6). Ms. Dixon also avers that Dixon Ventures has "lost four property listings due to the inability to evict non rent paying tenants" and that "[t]hose properties were budgeted to provide [Dixon Ventures] with $4,500.00 in property management fees this year," not including potential future income (Dkt. No. 12-1, ¶ 7). Ms. Dixon states that Dixon Ventures' "losses increase with each month the CDC moratorium continues." (*Id.*, ¶ 8).

These allegations are sufficient to establish Article III standing at this stage. Dixon Ventures has alleged that, due to defendants' action, it has lost income it would have otherwise

received.  *See Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) ("For standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'").[2]

### III.     Standard For Temporary Restraining Order

In the Eighth Circuit, the same standards are applied to a request for a preliminary injunction as to a request for a temporary restraining order.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).  In determining whether to issue a preliminary injunction, a district court should consider:  "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)).  Under *Dataphase*, no one factor is determinative.  *See Dataphase*, 640 F.2d at 113.  A temporary restraining order "is an extraordinary remedy, and the burden of establishing the propriety of an injunction is on the movant," here, Dixon Ventures.  *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (citations omitted). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Id.* (citing *Adam–Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir.1996)).  "When there is an adequate remedy at law, a preliminary injunction is not appropriate."  *Id.*

---

[2] As to Ms. Dixon's claims that some tenants "lie on their sworn CDC statements" and defendants' argument that, if such a claim were true, any harm from Dixon Ventures' failure to evict those tenants would not be traceable to defendants' action, the Court recognizes that it is unclear at this early stage, which, if any, tenants Dixon Ventures believes is lying and whether or not those tenants are included in Dixon Ventures' count of seven tenants who have sought relief under the CDC eviction moratorium (Dkt. No. 7-1, ¶ 6; Dkt No. 9, at 12).  Regardless, Dixon Ventures has established standing at this stage.

A.      **Irreparable Harm:  Delay in Seeking Emergency Relief**

Defendants argue that Dixon Ventures' seven-month delay from when the CDC Order was first signed to its filing of a motion seeking emergency relief "belies any claim of irreparable injury." *See Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999). The Court recognizes that, absent a valid explanation, "delay alone may justify denial of a preliminary injunction." *United States v. Arkansas*, No. 4:09CV00033 JLH, 2010 WL 1408818, at *4 (E.D. Ark. Apr. 7, 2010). However, the Court also recognizes that, though the CDC Order first went into effect on September 4, 2020, it has been extended three times and is currently in effect through June 30, 2021. 86 Fed. Reg. 16,731. Dixon Ventures filed the present motion two days after the CDC Order was most recently extended (Dkt. No. 6). It may be that the change in circumstance (*i.e.*, the CDC Order's extension) offset Dixon Ventures' delay. Regardless, the Court need not decide whether Dixon Ventures' delay is a sufficient basis to justify denial of a temporary restraining order, as it finds that Dixon Ventures has failed to show it will suffer irreparable harm absent injunctive relief and denies Dixon Ventures' request for a temporary restraining order on this basis, as explained in this Order.

B.      **Irreparable Harm:  Nature Of Alleged Harm**

In the Eighth Circuit, "[i]n order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996). "It is [] well settled that economic loss does not, in and of itself, constitute irreparable harm . . . . Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the [petitioner]'s business." *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986); *cf. Iowa Utilities Bd.*, 109 F.3d at 426 (holding that plaintiffs were irreparably harmed because they

could neither recover their economic losses by bringing a lawsuit nor through their participation in the market). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

      Dixon Ventures argues that it will suffer irreparable harm that "cannot be remedied due to the financial harms caused by lost rental revenue that cannot be recovered from the tenants or the Defendants." (Dkt. No. 7, at 4). In her supporting declaration, Ms. Dixon, owner of Dixon Ventures, asserts that Dixon Ventures is "traditionally not able to recover back rent because the tenants are judgment proof." (Dkt. No. 7-1, ¶ 8). Specifically, she argues that the tenants "have no assets we could seek to garnish or otherwise collect." (*Id.*, ¶ 9). However, Dixon Ventures has not argued or demonstrated through record evidence before the Court that its losses threaten its very existence, nor has Dixon Ventures explained based on the record currently before the Court why its tenants who are currently unable to pay rent will continue to be insolvent or why its claims against them would be unsuccessful in the future. The record evidence is that Dixon Ventures owns several rental properties in the State of Arkansas and that Dixon Ventures manages over 300 units for landlords (Dkt. No. 7-1, ¶ 4). There is record evidence of only seven CDC eviction moratorium forms being submitted (Dkt. No. 12-1, ¶ 5). Further, "although the tenants may not currently be able to afford their rent," it does not follow nor is there record evidence before the Court to support that "[plaintiffs] will likely never be able to collect a judgment." *See Brown v. Azar*, No. 1:20-CV-03702-JPB, 2020 WL 6364310, at *20 (N.D. Ga. Oct. 29, 2020). Dixon Ventures' argument that it may be difficult to obtain a future judgment does not rise to the level of irreparable harm justifying injunctive relief.

Federal courts around the country have considered similar claims in discussing the existence of irreparable harm in challenges to the CDC's eviction moratorium. *See Brown v. Azar*, 2020 WL 6364310, at *20 ("[A]lthough the tenants may not currently be able to afford their rent due to a substantial loss of household income, loss of compensable hours of work or extraordinary out-of-pocket medical expenses, Plaintiffs have not shown that they will likely never be able to collect a judgment."); *Baptiste v. Kennealy*, 490 F. Supp. 3d 353, 381 (D. Mass. 2020); *Chambless Enterprises, LLC v. Redfield*, No. 3:20-CV-01455, 2020 WL 7588849, at *12-15 (W.D. La. Dec. 22, 2020) ("Plaintiffs cannot satisfy their burden by suggesting that it may be difficult to enforce money judgments against their tenants."); *Skyworks, Ltd. v. Centers for Disease Control & Prevention*, No. 5:20-CV-2407, 2021 WL 911720, at *13 (N.D. Ohio Mar. 10, 2021); *Tiger Lily LLC v. United States Dep't of Hous. & Urb. Dev.*, No. 2:20-CV-2692-MSN-ATC, 2020 WL 7658126, at *7-10 (W.D. Tenn. Nov. 6, 2020) (describing monetary harm as "the antithesis of the irreparable harm needed to warrant a preliminary injunction").

The Court acknowledges Dixon Ventures' arguments regarding the impact of missed mortgage payments on landlords' and businesses' credit scores and access to financing (Dkt. No. 12-2). However, Dixon Ventures has not argued or demonstrated through record evidence currently before the Court that it is unable to meet any of its existing financial obligations. Further, Dixon Ventures has not made claims or presented evidence that its relationships with financers have been or will be irreparably harmed by the CDC's Order.

The Court also recognizes that "[l]oss of intangible assets such as reputation and goodwill can constitute irreparable injury." *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002). Ms. Dixon has indicated that Dixon Ventures has "lost four property listings due to the inability to evict non rent paying tenants" because, according to Ms. Dixon, "landlords got

9

fed up and terminated their contracts with [Dixon Ventures], because we could not get rid of tenants." (Dkt. No. 12-1, ¶ 7). While this could be interpreted as a claim of loss of reputation and goodwill, as the movant Dixon Ventures has the burden of proving a risk of irreparable harm. It has not done so here; Dixon Ventures does not make this argument or cite this line of cases to the Court. Instead, Dixon Ventures' lost property listings are framed by Dixon Ventures as purely economic loss, which is insufficient to satisfy the irreparable harm requirement. *See Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009) (upholding a district court's decision that plaintiff had only stated "general business principles [which] were too speculative to establish [] injury.").

Defendants also argue that Dixon Ventures' allegations of irreparable harm fail because Dixon Ventures failed to acknowledge or apply for funds made available to tenants and landlords through the 2021 Appropriation Act and the American Rescue Plan Act, which jointly provide a combined $46.5 billion dollars in federal emergency rental assistance (Dkt. No. 9, at 15-16). *See* 2021 Appropriations Act, div. N, tit. V, § 501(c)(2); American Rescue Plan Act of 2021, Pub. L. No. 117-2, § 3201(a)(1), 135 Stat. 4, 54. Dixon Ventures responds that it is not guaranteed any funds through that program (Dkt. No. 12, at 3). While the Court recognizes the existence of these funds and that Dixon Ventures fails to show it has applied for this aid, it also acknowledges that it is unknown if Dixon Ventures would qualify or to what extent such aid would redress Dixon Ventures' losses. Regardless, the Court need not decide the motion on this point. Dixon Ventures has not shown that its current losses are irreparable through ordinary legal means.

This Court agrees with many of the other courts that have addressed the issue. Dixon Ventures has not satisfied the Court that money damages are insufficient to redress Dixon Ventures' alleged injury. As a result, the Court determines that issuing an injunction at this stage

and on the record before it is not appropriate. Therefore, the Court need not consider the remaining factors necessary to a temporary restraining order. For these reasons, the Court denies plaintiff Dixon Ventures' motion for a temporary restraining order and a preliminary injunction.

### IV.   Conclusion

The Court finds that plaintiff Dixon Ventures has failed to show a necessary and sufficient risk of irreparable harm and denies Dixon Ventures' motion for a temporary restraining order and a preliminary injunction. (Dkt. No. 6).

SO ORDERED this 23rd day of April, 2021.

Kristine G. Baker
United States District Judge