IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DIXON VENTURES, INC.**                                                                               **PLAINTIFF**

**v.**                                     **Case No**. **4:20-cv-01518-KGB**

**DEPARTMENT OF HEALTH AND
HUMAN SERVICES,** *et al.*                                                **DEFENDANTS**

## OPINION AND ORDER

Before the Court is plaintiff Dixon Ventures, Inc.'s ("Dixon") motion for leave to file amended complaint (Dkt. No. 24). Dixon filed the instant motion in response to the Court's December 2, 2021, Show Cause Order (Dkt. No. 23).

Dixon filed suit on December 30, 2020, seeking an injunction against defendants U.S. Department of Health and Human Services Secretary Alex Azar and U.S. Centers for Disease Control and Prevention Director Robert Redfield (collectively "CDC") (Dkt. No. 1). The CDC informed the Court on September 3, 2021, that "developments in other litigation . . . have rendered this case moot" (Dkt. No. 22, at 1). Specifically, the CDC referred to the United States Supreme Court's decision in *Alabama Association of Realtors v. Department of Health & Human Services*, 141 S. Ct. 2485, 2486 (2021). The *Alabama Association of Realtors* decision effectively vacated the nationwide eviction moratorium at issue in this case. *Id.* (vacating the U. S. District Court for the District of Columbia's stay on its own judgment striking down the nationwide eviction moratorium). On December 2, 2021, the Court ordered Dixon to show cause as to why the Court should not dismiss the instant case as moot (Dkt. No. 23). Dixon responded on January 2, 2022, filing the motion at bar to amend its complaint (Dkt. No. 24). The Court denies Dixon's motion and dismisses this case as moot (*Id*).

### I.     No Live Case Or Controversy Exists

Article III requires that a live case or controversy be present at all stages of federal litigation. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The Supreme Court made clear in *Already, LLC v. Nike Incorporated* that:

> A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." . . . No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute "is no longer embedded in any actual controversy about the plaintiffs' particular legal rights."

568 U.S. 85, 91 (2013) (internal citations omitted). Dixon maintains that the Supreme Court's *Alabama Association of Realtors* opinion did not moot the instant action because the Supreme Court did not address whether Congress had the constitutional authority to authorize the rent moratorium, which Dixon argues produced this lawsuit (Dkt. No. 24-1, at 2). 141 S. Ct. at 2486. Dixon points to paragraph 20 of its original complaint to remind the Court that it noted Congress' involvement in bringing about the injury which prompted the action at bar (Dkt. Nos. 1, ¶ 20; 24-1, at 2). This reference, Dixon maintains, is sufficient to allow it to amend its original complaint so that it may continue to litigate the present issues under the capable-of-repetition-yet-evading-review exception to the general requirement that cases or controversies be "live" throughout court proceedings (Dkt. No. 24-1, at 2). *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

An action meets the capable-of-repetition-yet-evading-review exception when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007). Dixon has a better argument that it can meet the first element than the second element, although the Court need not and does not decide whether Dixon actually meets the first element. As to the first

element, Congress allowed the authorized rent moratorium to expire in January 2021, and the Supreme Court voided the CDC's unilateral order extending the rent moratorium in August 2021. *Alabama Ass'n of Realtors*, 141 S. Ct. at 2486-87.  Although this Court does not resolve the issue, the facts of this case may support Dixon's argument as to the first element.  *See generally Turner v. Rogers,* 564 U.S. 431 (2011) (finding that a 12-month prison sentence satisfied the first element of the capable-of-repetition-yet-evading-review exception); *see also First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978) (determining that an 18-month referendum authorization period satisfied the first prong), *Roe v. Wade*, 410 U.S. 113 (1973) (concluding that a 9-month pregnancy met the duration requirement); *S. Pac. Term. Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 514–15 (1911) (finding that a two-year administrative order was short enough to satisfy the first element).

However, even if Dixon can satisfy the first element, the burden is on Dixon to demonstrate both elements, and Dixon cannot show on the record before the Court at this stage that there is "a reasonable expectation that . . . [it will] be subjected to the same action again."  *Whitfield v. Thurston*, 3 F.4th 1045, 1047 (8th Cir. 2021).  Dixon argues that it demonstrated a reasonable expectation that it will be harmed by another impending rent moratorium because the "nation is at a flashpoint in the Covid-19 pandemic" (Dkt. No. 24-1, at 2).  Dixon notes that the contagious nature of the Omicron variant continues to push case numbers "to the apex we reached when Congress initially passed the legislation codifying the . . . CDC['s] order" (*Id.*).  Dixon engages in speculation.  Further, Dixon's reliance on Omicron case figures misses the mark for two reasons: (1) the plaintiff's timing is suspect, and (2) the facts surrounding the current COVID-19 situation are inherently different today than when the pandemic began.

Dixon attempts to predict what action Congress will take under present and future circumstances. As to Dixon's reliance on the Omicron variant, first, the Omicron variant remained unknown when the Supreme Court decided the *Alabama Association of Realtors* case. It took Dixon over four months after the Supreme Court's decision and the issuance of a show-cause order from this Court to file the instant motion. It appears as though Dixon attempts to leverage the Omicron variant to secure a favorable outcome in a case that by all indications appears moot.

Second, Dixon fails to acknowledge properly that the current situation surrounding COVID-19 is vastly different than it was when Congress enacted the rent moratorium. Specifically, there are now widely available vaccines that can prevent serious COVID-19 complications, and COVID-19 testing capacity continues to grow nationwide. *See* Jeff Mason, *Exclusive: Biden directs U.S. to procure 500 million more COVID tests to meet demand*, REUTERS MAG., Jan. 13, 2022, https://www.reuters.com/world/us/exclusive-biden-directs-us-procure-500-million-more-covid-tests-meet-demand-2022-01-13/; *Moderna CEO talks Omicron booster shots, 2022 COVID-19 vaccine sales forecasts, global vaccination*, YAHOO NEWS, Jan 10, 2022, https://news.yahoo.com/moderna-ceo-talks-omicron-booster-151816856.html.

Dixon's timing, taken together with the change in circumstance and the unprecedented nature of the COVID-19 pandemic, lead the Court to conclude that Dixon's contentions about a forthcoming rent moratorium to be enacted by Congress are opportunistic and speculative at best. Dixon has not shown that "there is a reasonable expectation that [it] . . . will be subject to the same action again." *Wisconsin Right To Life*, 551 U.S. at 462-64. Contrary to Dixon's contentions, not only does justice not require this Court to allow it to amend its complaint, it expressly forbids it. Fed. R. Civ. P. 15(a)(2); *Pub. Water Supply Dist. No. 8 of Clay Cty., Mo. v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005). This case is moot, and the Court will not engage in speculation

amounting to an unconstitutional advisory opinion. *Pub. Water Supply Dist. No. 8 of Clay Cty., Mo.* 401 F.3d at 932. ("Article III limits courts to deciding actual 'Cases' and 'Controversies,' U.S. Const. art. III, § 2, thereby prohibiting them from issuing advisory opinions.").

## II.     Conclusion

For these reasons, the Court denies Dixon's motion to amend its complaint and dismisses this action without prejudice as moot (Dkt. No. 24). The Court also denies all other pending motions as moot and orders the Clerk of Court to remove this lawsuit from the January 24, 2022, trial calendar (Dkt. Nos. 10, 13, 19, 25).

It is so ordered this 19th day of January, 2022.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge